# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY URDA <br><br> v. <br><br> DARDEN RESTAURANTS, INC. | CIVIL ACTION <br><br> NO. 18-3282 |

## MEMORANDUM RE: MOTION TO REMAND

**Baylson, J.**                                                                              **October 18, 2018**

### I.     Introduction and Background

On June 25, 2018, Plaintiff Nancy Urda filed a complaint against Defendant Darden Restaurants, Inc.[1] in the Court of Common Pleas of Philadelphia County. (ECF 1, Notice of Removal, Ex. A, "Compl.") Plaintiff's Complaint arises from an obstruction of the interior walkway of Longhorn Steakhouse, allegedly causing Plaintiff to fall and suffer injuries on December 23, 2016. (Id. ¶¶ 3, 5.) The Complaint asserts one Count of negligence for Defendant's failure to reasonably inspect the walkway, warn patrons of the dangerous condition, or remove the dangerous condition, arising under state and local law. (Id. ¶ 8.) Plaintiff's Complaint seeks damages "in an amount not in excess of $50,000 and within the compulsory arbitration limit of this court."[2] (Id. ¶ 14.) Plaintiff is a citizen of Pennsylvania, and Defendant was incorporated in Delaware and has its principal place of business in Florida. (Id. ¶¶ 1–2; Notice of Removal ¶¶ 3–4.)

On August 2, 2018, Defendant filed a Notice of Removal in this Court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (ECF 1). Defendant contends in the Notice of

---

[1] The Notice of Removal states that Rare Hospitality International, Inc. was incorrectly designated as Darden Restaurants, Inc. in the original complaint. Defendant's Opposition states that "the parties have amended the Complaint and caption to substitute Rare Hospital International, Inc. for Darden Restaurants, Inc." (ECF 7, "Def.'s Mem. in Support of Opp'n," at 3 n.1.)

[2] Plaintiff seeks recovery "jointly and severally," but only names one Defendant. (Compl. ¶ 6.)

1

Removal that this Court has jurisdiction "based upon plaintiff's counsel's unwillingness to stipulate to limiting damages to $75,000, which will exceed the jurisdictional amounts required for jurisdiction to exist in District Court exclusive of interests and costs." (Notice of Removal ¶¶ 6–8.)

Plaintiff filed a Motion to Remand on August 16, 2018 (ECF 2, Mot. to Remand). Plaintiff's Motion to Remand alleges that this Court lacks subject matter jurisdiction under § 1332 because Plaintiff does not seek damages exceeding $75,000. (Mot. to Remand, at 2[3].) Defendant filed an Answer to the Complaint on August 17, 2018 (ECF 3).

On August 22, 2018, Defendant filed an Opposition to Plaintiff's Motion to Remand (ECF 7, "Def.'s Opp'n," Def.'s Mem. in Support of Opp'n.) Defendant's Opposition to Plaintiff's Motion to Remand contends that prior to removal, Plaintiff's counsel refused to stipulate to limiting Plaintiff's damages to $75,000. (Def.'s Opp'n ¶¶ 3–4; Def.'s Mem. in Support of Opp'n, at 7[4]; id. Ex. A, B.)[5] Defendant also contends that although Plaintiff initiated the action "as an arbitration level matter in state court," and the jurisdictional limit for such arbitrations is $50,000 in Pennsylvania, such arbitration is not binding and the limit does not apply on appeal. (Def.'s Opp'n ¶¶ 3–4; Def.'s Mem. in Support of Opp'n, at 7.)

For the reasons discussed below, Plaintiff's Motion to Remand will be granted, and this action will be remanded to state court.

## II. Legal Standard

---

[3] Because Plaintiff's Motion to Remand does not include page numbers, the Court refers to the page numbers of the ECF filing.
[4] Because Defendant's Memorandum in Support of its Opposition to Plaintiff's Motion to Remand does not include page numbers, the Court refers to the page numbers of the ECF filing.
[5] Defendant does not include the proposed Stipulation as an exhibit to its Opposition brief. Defendant only attaches the cover letter sent to Plaintiff's counsel enclosing the Stipulation, which does not state the amount to which the Stipulation limited damages. (See Def.'s Opp'n, Ex. A (enclosing "Stipulation to Limit Damages").)

Under 28 U.S.C. § 1441(a), a civil action filed in a state court may be properly removed if the federal court would have had original jurisdiction over the action. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive interests and costs, and is between [] citizens of different states." Id. § 1332(a)(1). The removal statute is strictly construed and all doubts are to be resolved in favor of remand. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).

A defendant must generally file notice of removal from state court within thirty days of receiving the complaint. See 28 U.S.C. § 1446(b)(1). However, if the initial pleading does not demonstrate that the $75,000 amount in controversy threshold is met, defendant may file a notice of removal within thirty days of receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has been removable." Id. § 1446(b)(3).

### III.  Discussion

As the parties do not dispute that diversity of citizenship exists, the sole issue for this Court is whether the amount in controversy requirement has been meet. If a plaintiff specifically pleads the amount in controversy in the complaint, as is the case here, the defendant seeking removal must prove that the amount in controversy exceeds $75,000 by a legal certainty. Minissale v. State Farm Fire & Cas. Co., 988 F. Supp. 2d 472, 475 (E.D. Pa. 2013) (Baylson, J.) (citing Frederico v. Home Depot, 507 F.3d 188, (3d Cir. 2007)). However, "[e]ven if a plaintiff states that her claims fall below the threshold, this Court must look to see if plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." Lewis-Hatton v. Wal-Mart Stores E., LP, No. 13-7619, 2014

WL 502367, at *3 (E.D. Pa. Feb. 7, 2014) (Kelly, J.) (quoting Morgan v. Gay, 471 F.3d 469, 474–75 (3d Cir. 2006)).

Plaintiff's Complaint contains one Count of negligence and limits damages to "an amount not in excess of $50,000 and within the compulsory arbitration limit of this court." (Compl. ¶ 14.) In support of this damages request, the Complaint alleges that Plaintiff "suffer[ed] various physical and traumatic injuries including . . . cervical disk injuries" and "severe shock to her nervous system, great physical pain, and mental anguish"; expended "various sums of money" for medical expenses; and suffered lost earnings and loss of earning capacity and will continue to suffer lost earnings for the remainder of her life. (Id. ¶¶ 10–12, 14.) Neither the Complaint, nor other documents in the record, provide evidence of actual monetary demands that may exceed Plaintiff's stated request for "an amount not in excess of $50,000," such as Plaintiff's salary or medical bills.

Defendant contends that the amount in controversy requirement has been met because the $50,000 jurisdictional limit in Philadelphia arbitrations is non-binding. (Def.'s Opp'n ¶¶ 3–4; Def.'s Mem. in Support of Opp'n, at 7, 9.) Defendant has not introduced any evidence contradicting Plaintiff's stated demand of an amount "not in excess of $50,000" for actual damages.

Several cases in the Eastern District of Pennsylvania have determined that a plaintiff's ability to recover damages exceeding $50,000 in a de novo appeal from arbitration does not establish subject-matter jurisdiction. See, e.g., Mazza v. Peerless Indem. Ins. Co., No. 13-3225, 2013 WL 4014569, at *3 (E.D. Pa. Aug. 7, 2013) (Schiller, J.) ("Defendant's speculations about future awards on appeal are inadequate to establish subject-matter jurisdiction, because a later recovery upon de novo review is too theoretical to demonstrate that the amount in controversy

4

exceeded the jurisdictional limit."); Coates v. Nationwide Ins. Co., No. 12-4031, 2012 WL 4068437, at *5 (E.D. Pa. Sept. 14, 2012) (Baylson, J.) (granting motion to remand where defendant was unable to prove the amount in controversy to a legal certainty by arguing that plaintiff could recover more than $75,000 if an arbitration award were appealed); Menard v. Hewlett Packard Co., No. 12-3570, 2012 WL 2938010, at *4 (E.D. Pa. July 19, 2012) (Schiller, J.) ("The legal certainty test and the rule requiring courts to resolve doubts in favor of remand would ring hollow if the mere possibility that a plaintiff could recover more than $75,000 from an appeal of compulsory arbitration satisfied Defendants' burden.").

Defendant also contends that the amount in controversy requirement has been satisfied because Plaintiff's counsel refused to stipulate to a limitation of damages to $75,000. (Def.'s Opp'n ¶¶ 3–4; Def.'s Mem. in Support of Opp'n, at 7.)

However, "the majority of the opinions in the Eastern District of Pennsylvania" have found that a plaintiff's refusal to stipulate to a damages award of less than $75,000 does not, by itself, satisfy defendant's burden of proof. Minissale, 988 F. Supp. 2d at 475–76, 479 (granting motion to remand where plaintiffs objected to defendants' request for admission that plaintiffs' damages did not exceed $75,000); see also Lewis-Hatton, 2014 WL 502367, at *3 (defendant failed to meet its burden of showing that the amount in controversy exceeded $75,000 because defendant only pointed to plaintiff's failure to stipulate "that the amount in controversy is less than $50,000 or $75,000"); Lee v. Walmart, Inc., 237 F. Supp. 2d 577, 580 (E.D. Pa. 2002) (Pollak, J.) (holding disposition of summary judgment in abeyance pending evidence and briefing regarding the amount in controversy, and concluding that "[w]hile a plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum, I do not believe that fact may alone shoulder the burden of § 1332.")

5

Accordingly, Defendant has failed to meet the high burden of proving, to a legal certainty, that the amount in controversy exceeds $75,000.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand will be granted. An appropriate Order follows.

O:\CIVIL 18\18-3282 Urda v Darden Restaurants\18cv3282 Memo re Motion to Remand.docx